Christopher M. McDermott (SBN 253411)
cmcdermott@piteduncan.com
Matthew R. Clark (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MIREK KUCERA AND ALENA KUCERA,<br><br>Debtors. | Case No. 11-30255<br><br>Chapter 11<br><br>**STIPULATION RE: TREATENT OF CREDITOR'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>SUBJECT PROPERTY:<br>559 Radnor Road<br>Oakland, CA 94606 |

This Stipulation Re: Treatment of Creditor's Claim Under Debtors' Chapter 11 Plan of Reorganization ("Stipulation") is entered into by and between Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("**Creditor**"), by and through its attorney of record, Pite Duncan, LLP, and Mirek Kucera and Alena Kucera ("**Debtors**"), by and through their attorney of record, Scott J. Sagaria.

The property which is the subject of this matter is commonly known as 559 Radnor Rd, Oakland, CA 94606 (hereinafter the "Subject Property").

/././

/././

- 1 -  CASE NO. 11-30255
STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-30255   Doc# 183   Filed: 12/31/12   Entered: 12/31/12 11:25:43   Page 1 of 5

On March 19, 2007, Mirek B. Kucera obtained a loan from World Savings Bank, FSB in the original sum of $416,000.00 which is reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property located at Subject Property. The Note and Deed of Trust are collectively referred to as the "Claim".

On October 12, 2010, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 11-30255.

On December 19, 2011, the Debtors filed their First Revised Combined Plan of Reorganization and Disclosure Statement of December 13, 2011 ("Plan"). The Plan provided for Creditor's claim in Class 1(c) which provided "debtors have agreed to keep ongoing monthly payments current. Debtors further agree that Debtors will pay ongoing mortgage payments pursuant to the terms of the note and deed of trust. All pre-confirmation arrears shall be cured in equal monthly installments over a period of sixty (60) months. The Debtors estimate the total arrears are $66,674.00, the monthly payment on arrears will be $1,112.00, and the arrears payment start date will be November 15, 2011." The Plan also indicated "to the extent arrears are determined to be other than as shown below, appropriate adjustments will be made in the amount of the payments."

On February 27, 2012, the court entered an Order Confirming Debtors' Plan ("Confirmation Order"). However, Debtors' counsel did not forward the proposed Confirmation Order to Creditor's counsel for review and approval as to form. Thus, the parties' agreement was not properly memorialized in the confirmed Plan.

As of December 31, 2012, the total amount required to payoff the Claim is approximately $523,788.02.

**THE PARTIES STIPULATE AS FOLLOWS:**

**Secured Claim**

1. Creditor shall have a secured claim in the amount of $523,788.02 to be amortized over (30) years at 5.50% interest per annum;

/././

/././

- 2 -     CASE NO. 11-30255
STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-30255   Doc# 183   Filed: 12/31/12   Entered: 12/31/12 11:25:43   Page 2 of 5

2. Debtors shall tender regular monthly principal and interest payments in the sum of **$2,974.01** to Creditor for the Secured Claim commencing **January 1, 2013**, and continuing thereafter until all such outstanding amounts under the Secured Claim are paid in full;

**Escrow**

3. In addition to the principal and interest payments described in paragraph 2 of this Stipulation, Debtors shall tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances as required by Creditor and in accordance with any requirements set forth in the Note and Deed of Trust. Debtors shall tender the necessary escrow payments together with the regular monthly mortgage payments described in paragraph 3 above, commencing on January 1, 2013 and continuing thereafter until the Secured Claim and any related charges is paid in full;

**Material Default**

5. **The automatic stay of 11 U.S.C. §362 shall terminate on the date of the entry of the order of approving this Stipulation;**

6. However, Creditor shall not take any action to enforce either the pre-confirmation obligation or the obligation due under this Stipulation, so long as Debtors are not in default under this Stipulation;

7. If the Debtors fail to make any payment, or to perform any other obligation required under this Stipulation, for more than (10) days after the time specified above for such payment or other performance, Creditor may provide Debtors and Debtors' attorney a written notice of Debtors' default. If Debtors fail within (30) days after the date of service of notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtors are in material default under the Plan ("Material Default");

8. In the event the Debtors are in Material Default and Creditor forwards a 30-day letter to Debtors, Debtors shall be required to pay reasonable costs and fees incurred for each default letter submitted in order to cure the Material Default;

/././

- 3 -  CASE NO. 11-30255
STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-30255   Doc# 183   Filed: 12/31/12   Entered: 12/31/12 11:25:43   Page 3 of 5

9. In the event of a Material Default, Creditor: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; and/or (ii) **without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies against the Subject Property including conducting a non-judicial foreclosure sale;**

10. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder;

11. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim;

**Miscellaneous Provisions**

12. At the request of Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform to the provisions with this Stipulation;

13. Upon the entry of an Order approving this Stipulation, this Stipulation shall be incorporated nunc pro tunc into the Confirmation Order previously entered on February 27, 2012.

14. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code: (1) the terms of Creditor's Claim shall revert to its pre-confirmation, unmodified status; (2) the terms of the Debtors' confirmed Plan shall be of no further force or effect as it pertains to Creditor's Claim; and (3) the automatic stay shall immediately terminate without further notice, order, or proceeding of the court; and

/././
/././
/././
/././
/././
/././
/././
/././

- 4 -
CASE NO. 11-30255
STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-30255    Doc# 183    Filed: 12/31/12    Entered: 12/31/12 11:25:43    Page 4 of 5

15. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan; any subsequently filed amended or modified Chapter 11 Plan of Reorganization or any order on the foregoing without the express written consent of the Creditor. The above terms of this Stipulation shall be deemed incorporated into the Debtors' Chapter 11 Plan and/or any subsequently filed amended or modified Chapter 11 Plan. In the event of a conflict between the terms or provisions of this Stipulation and Debtors' Chapter 11 Plan or any amendments or modifications thereto, the terms of this Stipulation shall control.

**IT IS SO STIPULATED:**

Dated: 12/28/12

_____
SCOTT J. SAGARIA
Attorney for the Debtors

PITE DUNCAN, LLP

Dated: 12/28/2012

_____
MATTHEW R. CLARK
Attorneys for Creditor

- 5 -     CASE NO. 11-30255
STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-30255   Doc# 183   Filed: 12/31/12   Entered: 12/31/12 11:25:43   Page 5 of 5